UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

DAIRON CID
and other similarly-situated individuals,

    Plaintiff(s),

v.

GATEWAY AIRPORT CONCESSIONS, INC,
AIRPORT CONCESSIONS GROUP, INC,
GLOBAL CONCESSIONS, INC,
d/b/a GLOBAL MIAMI JOINT VENTURE,
a/k/a NATHAN'S FAMOUS HOT DOGS,
and MARLON ANDINO, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff DAIRON CID, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, a/k/a NATHAN'S FAMOUS HOT DOGS, and MARLON ANDINO, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff DAIRON CID is a resident of Miami-Dade County, Plaintiff is a covered employee for purposes of the Act.

3. Defendants GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC d/b/a GLOBAL MIAMI JOINT VENTURE, a/k/a NATHAN'S FAMOUS HOT DOGS are Florida corporations having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times Defendants were and are engaged in interstate commerce.

4. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, a/k/a NATHAN'S FAMOUS HOT DOGS, are a joint enterprise, and joint employers of Plaintiff.

5. The individual Defendant MARLON ANDINO was and is now, manager of Defendant Corporations. This individual Defendant had control, directed operations of GLOBAL MIAMI JOINT VENTURE, a/k/a NATHAN'S FAMOUS HOT DOGS, and he is Plaintiff's employer in the meaning of 29 U.S.C. § 203(d).

6. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

7. This cause of action is brought by Plaintiff DAIRON CID to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

8. Corporate Defendants GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, are corporations

doing business under the name of GLOBAL MIAMI JOINT VENTURE. Defendants operate NATHAN'S FAMOUS HOT DOGS located at the Miami International Airport, where Plaintiff worked.

9. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, were and are now, a joint enterprise because: 1) the three companies have the same or related business activities; 2) GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, operated as a single unit for a common business purpose (NATHAN'S FAMOUS HOT DOGS); 3) Between GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, existed unified operation and common control because GLOBAL MIAMI JOINT VENTURE controlled financially and operationally NATHAN'S FAMOUS HOT DOGS and they operated as a single unit for a common business purpose; 4) GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, shared a common business purpose, the profitable operation of NATHAN'S FAMOUS HOT DOGS; 5) the three corporations had interdependent financial interest, because each company is owner of the same business, GLOBAL MIAMI JOINT VENTURE, which operated NATHAN'S FAMOUS HOT DOGS.

10. Pursuant 29 C.F.R. §791.2, GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, were joint employers

because: 1) GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, through GLOBAL MIAMI JOINT VENTURE had equal and absolute control over the Plaintiff and other employees similarly situated; 2) GLOBAL MIAMI JOINT VENTURE and MARLON ANDINO assigned duties to Plaintiff and other employees similarly situated; 3) GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, through their manager, MARLON ANDINO jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 5) The work of Plaintiff's simultaneously benefited the three corporations; 6) The work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of NATHAN'S FAMOUS HOT DOGS.

11. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

12. Defendants GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, hereinafter will be called collectively NATHAN'S FAMOUS HOT DOGS, or Defendant.

13. Defendant NATHAN'S FAMOUS HOT DOGS employed Plaintiff CID DAIRON as a non-exempt restaurant employee approximately from approximately January 25, 2015 to February 16, 2017, or 107 weeks.

14. Plaintiff was hired to do general restaurant work, and he performed as cook, cashier, server, and cleaning person. Plaintiff was paid $12.00 an hour, plus overtime at the rate of time and a half his regular rate.

15. During his relevant time of employment with Defendants, Plaintiff worked five days per week from 4:30 AM to 2:30 PM, (10.5 hours daily), or 52.5 hour per week. Plaintiff was unable to take bona fide lunch periods.

16. Plaintiff punched in and out. However, Plaintiff was paid for just 50 hours, with 10 overtime hours per week. Plaintiff was not properly compensated for the remaining 2.5 overtime hours during 107 weeks.

17. Furthermore, during his last 2 weeks of employment, Plaintiff worked 60 hours weekly, but he was paid for only 50 hours. Plaintiff is owed Twenty overtime hours for 2 weeks.

18. In addition, there were many weeks in which Plaintiff worked a 6th day, which constituted overtime hours, that were not paid at any rate, not even at the minimum wage rate.

19. Plaintiff worked in excess of 40 hours, however he was not paid for all overtime hours

20. Therefore, Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, in violation of FLSA provisions.

21. On or about February 16, 2017, Plaintiff was fired from his employment due to discriminatory reasons.

22. Plaintiff DAIRON CID seeks to recover 2.5 overtime hours, for 105 weeks; 20 overtime hours, for his last 2 weeks of employment; any additional unpaid overtime hours; liquidated damages, as well as any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

24. Plaintiff DAIRON CID re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This cause of action is brought by Plaintiff DAIRON CID as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2015, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendants GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT

VENTURE, are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

27. Defendants GATEWAY AIRPORT CONCESSIONS, INC, AIRPORT CONCESSIONS GROUP, INC, GLOBAL CONCESSIONS, INC, d/b/a GLOBAL MIAMI JOINT VENTURE, hereinafter will be called collectively NATHAN'S FAMOUS HOT DOGS, or Defendant.

28. Defendant NATHAN'S FAMOUS HOT DOGS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant is a retail businesses, operating as restaurant, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of

business, and in addition he handled credit card transactions in an international airport. Therefore, there is FLSA individual coverage.

30. Defendant NATHAN'S FAMOUS HOT DOGS employed Plaintiff CID DAIRON as a non-exempt restaurant employee approximately from approximately January 25, 2015 to February 16, 2017, or 107 weeks.

31. Plaintiff was hired to do general restaurant work, and he performed as cook, cashier, server, and cleaning person. Plaintiff was paid $12.00 an hour, plus overtime at the rate of time and a half his regular rate.

32. During his relevant time of employment with Defendants, Plaintiff worked five days per week from 4:30 AM to 2:30 PM, (10.5 hours daily), or 52.5 hour per week. Plaintiff was unable to take bona fide lunch periods.

33. Plaintiff punched in and out. However, Plaintiff was paid for just 10 overtime hours per week. Plaintiff was not properly compensated for 2.5 overtime hours during 107 weeks.

34. Furthermore, during his last 2 weeks of employment, Plaintiff worked 60 hours weekly, but he was paid for only 50 hours. Plaintiff is owed Twenty overtime hours for 2 weeks.

35. In addition, there were many weeks in which Plaintiff worked a 6th day, which constituted overtime hours, that were not paid at any rate, not even at the minimum wage rate.

36. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be

in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees similarly situated.

38. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

39. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages:</u>

   Five Thousand Eighty-Five Dollars and 00/100 ($5,085.00)

   b. <u>Calculation of such wages:</u>

   Relevant weeks of employment: 107- weeks

     **i.** **Overtime for 2.5 hours during 105 weeks**

       Total hours worked: 52.5 hours
       Total Overtime hours: 12.5
       Total O/T hours paid: 10 hours
       Total unpaid O/T hours: 2.5
       Regular rate: $12.00 an hour x 1.5=$18.00 O/T rate,

       O/T rate $18.00 x 2.5 O/T hours=$45.00 weekly x 105 weeks=$4,725.00

     **ii.** **Overtime from 10 hours during last 2 weeks**

       Total hours worked: 60 hours
       Total Overtime hours: 20
       Total O/T hours paid: 10 hours
       Total unpaid O/T hours: 10 hours
       Regular rate: $12.00 an hour x 1.5=$18.00 O/T rate,

       O/T rate $18.00 x 10 O/T hours=$180.00 weekly x 2 weeks=$360.00

Total overtime i, and ii: $5,085.00

    c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid overtime wages.

40. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

41. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

42. At the times mentioned, individual Defendant MARLON ANDINO was the manager of NATHAN'S FAMOUS HOT DOGS. Defendant MARLON ANDINO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of NATHAN'S FAMOUS HOT DOGS in relation to its employees, including Plaintiff and others similarly situated. Defendant MARLON ANDINO had operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

43. Defendants NATHAN'S FAMOUS HOT DOGS and MARLON ANDINO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAIRON CID and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DAIRON CID and other similarly-situated individuals and against the Defendants NATHAN'S FAMOUS HOT DOGS and MARLON ANDINO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff DAIRON CID actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff DAIRON CID demands trial by jury of all issues triable as of right by jury.

Dated:  May 17, 2017                                                                                                             ,

            Respectfully submitted,

            By:  **/s/ Zandro E. Palma**
            ZANDRO E. PALMA, P.A.
            Florida Bar No.: 0024031
            9100 S. Dadeland Blvd.
            Suite 1500
            Miami, FL 33156
            Telephone: (305) 446-1500
            Facsimile:  (305) 446-1502
            zep@thepalmalawgroup.com
            *Attorney for Plaintiff*